UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Bereki,<br><br>    Plaintiff,<br>v.<br>Gary Humphreys;<br>Karen Humphreys,<br>    Defendants. | Case No.: CV 19-2050-CBM-ADS(x)<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(1), (6) & (7) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND REQUEST FOR JUDICIAL NOTICE          [JS-6]** |

    The matter before the Court is Defendants Gary Humphreys and Karen Humphreys' (collectively, "Defendants'" or "The Humphreys'") "Motion to Dismiss the First Amended Complaint Pursuant to Rule 12(b)(1), (6), & (7) of the Federal Rules of Civil Procedure and Request for Judicial Notice." (Dkt. No. 9 (the "Motion").)[1]

## I.    BACKGROUND

    This action arises from a state court judgment in favor of Defendants and

---

[1] Following the hearing on the Motion, Plaintiff filed a document entitled "Additional Authorities and Corrected Testimony To Be Considered By the Court re: Defendants Motion to Dismiss Filed 11/19/19," which has been reviewed by the Court. (Dkt. No. 30 (hereinafter, "Additional Authorities").)

1

against Plaintiff in connection with remodeling work performed by Plaintiff. On April 20, 2017, following a bench trial, the Superior Court, County of Orange, entered judgment in favor of The Humphreys and against Plaintiff in the amount of $848,000 (plus costs).[2] (FAC Exs. D, G.)  The Superior Court found Plaintiff (as opposed to his company Spartan Associates) was the contractor who performed the remodel work for The Humphreys, and found Plaintiff was not a licensed contractor.  Accordingly, the superior court awarded The Humphreys disgorgement of all compensation paid by The Humphreys to Plaintiff for the remodel work pursuant to Cal. Bus. & Prof. Code § 7031.[3]  Plaintiff appealed the state court judgment.  The California Court of Appeals affirmed the judgment in favor of The Humphreys.  Plaintiff's request for review by the California Supreme Court was denied, and Plaintiff's writ for certiorari with the United States Supreme Court was also denied.

    Plaintiff then commenced this action on October 28, 2019.  On November 8, 2019, Plaintiff filed a First Amended Complaint ("FAC") as a matter of right naming only The Humphreys as defendants. (Dkt. No. 11.)  The FAC alleges this action is "an Independent Action in Equity to relieve a party from a judgment, order or proceeding pursuant to FRCP Rule 60(d)" (FAC at p.13), and that this action "is a direct attack on the jurisdiction of the California trial and appellate Courts in case numbers – 30-2015-00805897, and G055075" (*id*. at p.17).

## II.    STATEMENT OF THE LAW

### A.    Fed. R. Civ. Proc. 12(b)(1)

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction,

---

[2] While the superior court judgment reflects judgment entered against Plaintiff in the amount of $848,000, the FAC alleges Plaintiff was "fined $930,000 for allegedly doing remodel construction work without a contractor's license." (FAC at p.16.)

[3] California Business & Professions Code § 7031 provides: "[A] person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract."

the party asserting jurisdiction bears the burden of proving jurisdiction exists. *Sopak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where the Rule 12(b)(1) motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citation omitted). Where the Rule 12(b)(1) motion challenges the substance of jurisdictional allegations, the court does not presume the factual allegations to be true, and may consider evidence such as affidavits and testimony to resolve factual disputes regarding jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

**B.     Fed. R. Civ. Proc. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. To conform to Federal Rule of Civil Procedure 8, the plaintiff must make more than "an unadorned, the-defendant-harmed me" accusation. *Iqbal*, 556 U.S. at 678. Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Twombly*, 550 U.S. at 555. "Factual allegations must be

enough to raise a right to relief above the speculative level." *Id.* If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper. *Id.* On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008). A court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### C. Fed. R. Civ. Proc. 12(b)(7)

Rule 12(b)(7) permits a party to move to dismiss the case for "failure to join a party under Rule 19." Fed. R. Civ. Proc. 12(b)(7). Rule 19 requires "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" to be joined as a party if:

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. If "a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. Proc. 19(b).

### III. DISCUSSION

### A. Request for Judicial Notice

Defendants request that the Court take judicial notice of the following:

4

    1. Judgment entered against Plaintiff in Orange County Superior Court, Case No. 30-2015-00805807 (Ex. A);

    2. Plaintiff's opening brief filed with the California Court of Appeals appealing the superior court judgment (Ex. B);

    3. California Court of Appeals' opinion affirming superior court judgment (Ex. C);

    4. Plaintiff's Petition for Review Filed with the Supreme Court of California, Case No. S252954 (Ex. D);

    5. California Supreme Court's denial of Plaintiff's Petition for Review (Ex. E);

    6. Plaintiff's Petition for Writ of Certiorari filed with the United States Supreme Court, Case No. 18-1416 (Ex. F); and

    7. United State Supreme Court's denial of Plaintiff's Petition for Writ of Certiorari (Ex. G).[4]

(Hereinafter, "RJN".) The Court grants Defendants' request for judicial notice because the accuracy of Exhibits A-G can be "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

**B.    Rooker-Feldman Doctrine**

    Defendants move to dismiss the FAC for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine bars losing parties "from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1006-07 (1994). "The purpose of the doctrine is to protect state judgments from collateral federal attack." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). For the *Rooker–Feldman* "to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

    Here, Plaintiff seeks relief from the superior court judgment pursuant to Fed. R. Civ. P. 60(d) (FAC at p.13), and an order from this Court (1) vacating the

---

[4] Plaintiff did not oppose Defendants' request for judicial notice.

5

judgment entered against Plaintiff in the superior court action and (2) ordering the superior court to remove the property lien based on the judgment entered against Plaintiff in the superior court action (*id*., Prayer for Relief). The FAC also alleges the instant federal action "is a direct attack on the jurisdiction of the California trial and appellate Courts in case numbers – 30-2015-00805897, and G055075." (*Id*. at p.17.) Therefore, Plaintiff seeks relief from the state court judgment affirmed by the California Court of Appeals.

The FAC also alleges a legal error by the superior court and California Court of Appeals on the ground that the superior court and appellate court entered and affirmed the judgment against Plaintiff without supporting evidence, and erred in holding disgorgement pursuant to Cal. Bus. & Proc. § 7031 is an equitable remedy rather than a penalty, thereby "resulting in a void judgment." (FAC at p.82, 90.)

**(1)     Extrinsic Fraud on the Court**

Where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, Rooker-Feldman does not bar jurisdiction. *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Therefore, the Rooker-Feldman doctrine does not apply where the plaintiff alleges extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud. *Kougasian*, 359 F.3d at 1141.

Plaintiff contends this action is not barred because this Court has the power to set aside or enjoin state-court judgments procured by fraud. The FAC alleges Defendants committed "fraud in the procurement of jurisdiction" in the superior court action because Defendants took one position during summary judgment (i.e., that they had contracted with Spartan (Plaintiff's company) to perform the work) and then took a contrary position during trial (i.e., that they believed they contracted with Plaintiff to perform the work). (FAC at 94-97.) Such alleged conduct does not constitute "extrinsic" fraud on the court since such evidence was

presented by Defendants before the superior court, nor constitute a legal injury caused by Defendants. Rather, the FAC alleges the superior court erred in entering judgment despite Defendants taking contrary positions throughout the state court litigation. Therefore, the extrinsic fraud exception to the Rooker-Feldman doctrine does not apply. *Kougasian*, 359 F.3d at 1141.

### (2) Constitutional Challenge

Plaintiff also argues the Rooker-Feldman doctrine does not bar this action because the FAC raises a constitutional challenge to California Business & Professions Code §§ 7071.17 and 7031. While the FAC raises a "facial" and "as applied" challenge to the constitutionality of Sections §§ 7071.17 and 7031, the relief sought by Plaintiff is an order vacating or voiding the state court judgment. Moreover, the basis for Plaintiff's constitutional challenge is that the Superior Court and California Court of Appeals lacked subject matter jurisdiction to enter and affirm the judgment against Plaintiff because (1) there is no evidence supporting the judgment; and (2) disgorgement pursuant to Cal. Bus. & Prof. Code § 7031 is a penalty and an excessive fine, and therefore unconstitutional. The California Court of Appeals, however, found there was evidence supporting the Superior Court's judgment and held disgorgement pursuant to Cal. Bus. & Prof. Code § 7031 is an equitable remedy, not a penalty or fine. (RJN, Ex. C.) Thus, despite purporting to raise a "constitutional" challenge in his FAC, Plaintiff seeks relief from the state court judgment in this action and asserts legal errors by the Superior Court and California Court of Appeals. Therefore, the Rooker-Feldman doctrine applies to bar Plaintiff's instant action.

\*   \*   \*

Accordingly, the Court finds Plaintiff's action is barred pursuant to the Rooker-Feldman doctrine because Plaintiff seeks relief from the state court judgment and alleges legal errors by the state trial and appellate court. *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

**C.     Res Judicata / Collateral Estoppel**

Defendants also move to dismiss the FAC as barred by the res judicata / collateral estoppel doctrines.[5]

Issue preclusion, or collateral estoppel, bars relitigation of issues that have been adjudicated in a prior action. *DKN Holdings LLC*, 61 Cal. 4th at 824. Pursuant to the doctrine of collateral estoppel, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984); *see also* 28 U.S.C. § 1738. Under California law, collateral estoppel/issue preclusion applies: "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC*, 61 Cal. 4th at 825.

Here, the FAC alleges the superior court lacked jurisdiction and violated Plaintiff's due process rights because there was no evidence supporting the judgment. The FAC, however, alleges Plaintiff challenged the jurisdiction of the superior court in a motion to vacate the judgment, which was denied. (FAC at 97-98.)

Plaintiff appealed the state court judgment. In his appeal, Plaintiff argued the Superior Court committed due process violations and lacked subject matter jurisdiction, and argued Cal. Bus. & Prof. Code § 7031 was unconstitutional because it is penal in nature. (RJN, Ex. B.) The California Court of Appeals affirmed the Superior Court's judgment, and found Plaintiff's arguments on appeal had "no merit." (*Id.* Ex. C; *see also* FAC at p.19 (alleging California Court of Appeal held the superior court judgment against Plaintiff was a "non-punitive"

---

[5] "Res judicata" refers to claim preclusion. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007)  Since the claims asserted by Plaintiff in this action were not asserted in the state court action, res judicata would not apply to bar Plaintiff's claims here.

8

"equitable remedy").)

Plaintiff filed a petition for review with the California Supreme Court wherein Plaintiff argued the superior court and California Court of Appeals lacked jurisdiction and violated Plaintiff's due process rights, and argued Cal. Bus. & Prof. Code §§ 7031 and 7071.17 were unconstitutional and authorize imposition of penalties. (RJN, Ex. D.) The California Supreme Court denied Plaintiff's petition for review. (*Id*. Ex. E.) On April 23, 2019, Plaintiff filed a petition for writ of certiorari with the United States Supreme Court, which was denied. (*Id.* Exs. F, G.)

Therefore, the issues raised by Plaintiff in this federal action regarding the Superior Court and California Court of Appeal's lack of jurisdiction and violation of Plaintiff's due process rights, the unconstitutionality of Cal. Bus. & Prof. Code §§ 7031 and 7071.17, Plaintiff's contention that disgorgement pursuant to Cal. Bus. & Prof. Code § 7031 is a penalty/fine rather than an equitable remedy, and the lack of evidence supporting the Superior Court's judgment and California Court of Appeals decision affirming the judgment, were actually litigated by Plaintiff in the state court action and necessarily decided in a final judgment. *See DKN Holdings LLC*, 61 Cal. 4th at 825; *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1132 (9th Cir. 2019).

Thus, even if the instant action was not barred pursuant to the Rooker-Feldman doctrine, the Court finds Plaintiff is collaterally estopped from bringing this action. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 750 (9th Cir. 2006).

/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss, and dismisses the action with prejudice because Plaintiff is collaterally stopped from bringing this action.[6] The Court also finds this action is barred pursuant to the Rooker-Feldman doctrine.[7]

**IT IS SO ORDERED.**

DATED: February 6, 2020.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[6] Because Plaintiff's claims are barred on collateral estoppel grounds, leave to amend would be futile. *See Tait v. Asset Acceptance, LLC*, 2013 WL 3811767 (C.D. Cal. July 22, 2013).

[7] Defendants also move to dismiss the FAC on the ground Plaintiff fails to join the superior court and California Court of Appeals which are "indispensable parties." Because the Court dismisses this action pursuant to the Rooker-Feldman doctrine, and finds collateral estoppel would bar Plaintiff from bringing this action, it does not reach the issue of whether the superior court and California Court of Appeals are indispensable parties.